UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CALEB L. CAMPBELL,                                )
                                                  )
            Plaintiff,                            )
                                                  )
      v.                                          )          No. 4:24-CV-00341-JMB
                                                  )
ST. LOUIS COUNTY, et al.,                         )
                                                  )
            Defendants.                           )

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Caleb L. Campbell, a prisoner, for leave to proceed in

forma pauperis in this civil action.  (ECF No. 6).  The Court has reviewed the motion and the

financial information provided in support, and has determined to grant the motion and assess an

initial partial filing fee of $22.54.  The Court has also reviewed the complaint, and has determined

it fails to state a claim upon which relief may be granted.  For the reasons explained below, the

Court will dismiss this action at this time, without prejudice, and will deny Plaintiff's pending

motions.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff submitted an "Inmate Transaction Statement" from the Missouri Department of Corrections.  It shows an average monthly deposit of $56.73, and an average monthly balance of $112.70.  The Court therefore assesses an initial partial filing fee of $22.54, which is 20 percent of the greater of those amounts.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678

(citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*,

429 U.S. 97, 106 (1976).   This means that "if the essence of an allegation is discernible," courts

should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who

proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at the Menard Correctional Center in Menard, Illinois.  He filed the

complaint pursuant to 42 U.S.C. § 1983 against St. Louis County and the Florissant Police

Department.  He also named the following individuals as defendants: Patrick O'Neill, Michele

Arthur, Joshua Smith, Andrew Hale, and Jarrod Coder.  Plaintiff completed the complaint on a

Court-provided complaint form, which solicits information about each defendant's job or title, the

name of his employer, and whether he is being sued in his official or individual capacity.  Even

so, Plaintiff did not list any of that information as to any of the individual defendants.  Because

Plaintiff failed to specify the capacity in which he sues any of the individual defendants, the Court

interprets the complaint as including only official capacity claims.  *See Egerdahl v. Hibbing*

*Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about

3

the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."). Plaintiff alleges as follows.

On July 17, 2017, Joshua Smith slammed Plaintiff through a wooden fence, and punched him after he was handcuffed. (ECF No. 1 at 4). Plaintiff does not describe the circumstances surrounding those events. Plaintiff's tooth was chipped, and he sustained cuts and scrapes. He was taken to the hospital and then to the Florissant Police Station. He was held in a cell with a disabled telephone, leaving him unable to contact anyone. After "several hours," he "was let out the back door." *Id.*

On August 20, 2021, "St. Louis County task force, US Marshals and the major case squad along with Illinois State Police" went to Plaintiff's mother's house. *Id.* They surrounded the house, and beat on the door. Plaintiff's mother looked out the window, and they said they would force their way in if she did not open the door. They broke the doorknob. Plaintiff's mother opened the door, and they forced her outside and arrested her. They entered the house without permission or a warrant, and "even placed [Plaintiff's] kids [*sic*] mother under arrest took her to St. Louis County Jail booked her in and deleted the records." *Id.*

Next, Plaintiff writes: "My head was busted in the back, I had a gash by my eye that needed [stitches], chip[p]ed tooth, broken phone, false arrest, false imprisonment. They used this situation to arrest me for [illegible] that they didn't have a warrant for and I wasn't served the warrant for St. Louis County until hours after I was arrested and they found out Illinois didn't have a warrant I suffer PTSD mental and emotional distress." *Id.* at 4-5. Plaintiff does not describe what happened to cause the foregoing injuries. As relief, Plaintiff seeks damages totaling $3 million.

Attached to the complaint are copies of records from Plaintiff's 2017 and 2021 Missouri state criminal matters. Among the records is a police report that contains a supplemental narrative

signed by Detective Smith of the Florissant Police Department.  According to the supplemental narrative, on July 17, 2017, Plaintiff fled on foot during a traffic stop.  Smith caught up to Plaintiff and ordered him to the ground, but he did not comply.  Plaintiff began to reach towards a satchel strapped to his chest, and Smith attempted to take him to the ground.  They both crashed through a nearby wooden fence.  Plaintiff struck his head on retaining wall blocks.  Smith took him into custody without further incident.  (ECF No. 1-1 at 10-12).

On June 24, 2024, Plaintiff filed a "Motion for Leave to File an Amended Complaint." (ECF No. 7).  The motion contains a single sentence: "The original complaint is incorrectly worded." *Id.*  Plaintiff did not sign the motion, and he did not attach a copy of a proposed amended complaint.  The Court notes that at the time he filed the motion, Plaintiff did not need leave of court to file an amended complaint.

**Discussion**

Plaintiff has named the Florissant Police Department and St. Louis County as defendants in this case.  Municipal departments like the Florissant Police Department are not legal entities that can be sued under 42 U.S.C. § 1983.  *See Ketchum v. City of W. Memphis,* 974 F.2d 81, 82 (8th Cir. 1992).  A local governing body like St. Louis County can be sued directly under § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, the complaint contains no facts that would establish St. Louis County's liability for any alleged misconduct.  *See id.*; *see also Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018), *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").  Plaintiff's claims against the Florissant Police Department and St. Louis County are therefore subject to dismissal.

5

The Court now addresses Plaintiff's allegations concerning the July 17, 2017 incident involving Smith.  Plaintiff did not identify Smith's job or employer, even though the form complaint solicited that information.  However, the Court can infer from documents attached to the complaint that on the day in question, Smith was a police detective employed by the Florissant Police Department.  Plaintiff did not expressly state he sues Smith in his individual capacity, so the Court must interpret the complaint as asserting only official capacity claims.  *See Egerdahl*, 72 F.3d at 619.

Naming Smith in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the Florissant Police Department.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  As noted above, the Florissant Police Department is not a legal entity that is subject to suit under § 1983.  *See Ketchum*, 974 F.2d at 82.  In addition, the complaint contains no allegations permitting the inference that Smith committed any constitutional violation pursuant to an official custom, policy, or practice of St. Louis County.  *See Monell,* 436 U.S. at 690–92 (describing a municipal liability claim).  Therefore, the complaint fails to state a plausible official capacity claim against Smith.

The Court now addresses Plaintiff's allegations concerning the August 20, 2021 incident.  Plaintiff alleges that the "St. Louis County task force, US Marshals and the major case squad along with Illinois State Police" illegally searched his mother's house, and illegally arrested his mother and his children's mother.  (ECF No. 1 at 4).  Plaintiff does not allege that any of the individual defendants committed wrongdoing on the day in question, or that they were even present.  Instead, Plaintiff repeatedly alleges that "they" committed wrongdoing.

It appears that Plaintiff primarily asserts claims on behalf of his mother and his children's mother.  However, Plaintiff lacks standing to bring claims on behalf of others.  *See Warth v. Seldin*,

6

422 U.S. 490, 499 (1975) (to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes Plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other people in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

Plaintiff does state he suffered injuries on the day in question. However, he does not explain how he was injured or identify the person or persons responsible, much less allege that any defendant violated his rights pursuant to an official custom, policy, or practice of St. Louis County. Therefore, the complaint does not state a plausible official capacity claim against O'Neill, Arthur, Smith, Hale, or Coder. *See Monell,* 436 U.S. at 690–92 (describing a municipal liability claim). Merely listing a defendant's name in a case caption is insufficient to support a claim against the defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in the caption)).

As an additional matter, the Court notes that Plaintiff violated the Federal Rules of Civil Procedure governing joinder of defendants. Plaintiff's claims against the 7 defendants stem from unrelated events that occurred more than 4 years apart. Under Fed. R. Civ. P. 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. In the context of cases filed in forma pauperis by prisoners, this requirement ensures that prisoners pay the required filing fees, for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals a prisoner may bring in forma pauperis. *See* 28

7

U.S.C. § 1915(g).  Misjoinder of parties is not grounds for dismissing an action, *see* Fed. R. Civ.

P. 21, but Plaintiff's violation of this requirement is an example of his failure to follow procedural

rules.

In sum, the complaint fails to state a claim upon which relief may be granted, and is subject

to dismissal under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff filed a motion indicating a desire to amend

the complaint.  However, he did not need to seek leave of court, and it is unclear why he did not

simply file an amended complaint if he wished to do so.  Additionally, Plaintiff indicates no intent

to remedy any of the defects in the complaint.  Plaintiff does not indicate he wishes to amend to

explicitly identify any defendant's occupation and employer, to state he sues Smith or any other

defendant in an individual capacity, to allege facts that would state a claim against any defendant

in his or her official capacity, to allege facts demonstrating any defendant's involvement in

violating his rights during the August 2021 incident, or to comply with Fed. R. Civ. P. 20(a)(2).

Plaintiff also failed to sign the motion, and he did not include a proposed amended complaint.

Despite his pro se status, Plaintiff is "not excused from complying with . . . substantive and

procedural law," *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988), and this

Court is not required to interpret procedural rules in a manner that excuses his mistakes.  *McNeil,*

508 U.S. at 113.  There is no basis to conclude that Plaintiff would file an amended complaint that

cured the deficiencies of the original, if given the opportunity to do so.  The Court will dismiss

this action at this time, without prejudice, and will deny as moot Plaintiff's motion to amend and

his motion to appoint counsel.  The Court finds there could be no non-frivolous argument on appeal

that the complaint stated a valid claim against any of the named defendants.  The Court will

therefore certify that an appeal would not be taken in good faith.

Accordingly,

8

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $22.54.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) and his Motion to Amend (ECF No. 7) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE